STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTON
KENNEBEC, ss.                                     DOCKET NO. AP-04-30


ROBERT McNEIL,

         Petitioner

    v.                                            DECISION AND ORDER

JEFFREY MERRILL, *et al.*,

         Respondent


This matter is before the court on petition for judicial review of final agency action pursuant to M.R. Civ. P. 80C. Petitioner is a prisoner at the Maine State Prison in Warren. In accordance with Prison policy, as part of random sampling, on January 17, 2004, petitioner supplied a urine sample for testing. The sample was found to be positive for opiates. Because the prisoner was on several medications from the Prison medical facility at that time, the sample was sent to the Maine Department of Human Services Health and Environmental Testing Laboratory for independent testing. That test confirmed the positive drug test obtained at the Prison and that it was inconsistent with any medications lawfully prescribed for the prisoner. As a result of a hearing before the disciplinary hearing officer on April 14, 2004, the prisoner was found guilty of violating rules of the Prison as having found to have unauthorized codeine in his system. As a result, petitioner received 30 days disciplinary segregation and lost 30 days of good time.

Petitioner appealed the finding of his violation of policy A-70, trafficking, to the Deputy Warden who affirmed the decision on the finding of guilt and the recommended disposition.

Chapter 20 of the Maine Department of Correction's policies is titled "Prisoner Discipline." Policy 20.1 provides procedures for handling of disciplinary matters within the Department of Corrections. Policy 20.1(B)(2), within the formal resolution portion of the policy, refers to submission of the disciplinary report. Among other things, the paragraph states, "When the charge involves drug or alcohol testing, the request for test form, a printout, photocopy, or photograph of the test results, and the chain of custody form, if any, shall be attached to and become part of the disciplinary report."

Chapter 20 policy 20.2 is titled "Drug and Alcohol Testing of Adult Clients." Procedure B, "Urine Collection and Testing Procedures," subsection 14, states:

> All evidence of a test that has a positive result shall be kept until any disciplinary, revocation or criminal proceedings have been completed including all documentation related to collection and testing, and, in the case of revocation proceedings with no other evidence or criminal proceedings, the specimen itself. A test strip showing a positive result that degrades over time shall not be kept, but a clear photocopy or photograph of the test strip shall be taken and kept. Specimens that tests negative shall be disposed of immediately after the test documentation has been completed.

Policy 20.1(B)(8) contains the language:

> As part of the investigation, the investigator shall read the disciplinary report to the prisoner and ask the prisoner if he/she wishes to make a statement. The prisoner shall notify the investigator of any known witnesses. The remainder of the investigation shall be of a scope sufficient to understand the facts and shall include, but not be limited to, discussions with significant witnesses.

Policy 20.2 "Drug and Alcohol Testing," subsection A(1)(d):

> Prisoner Random Drug or Alcohol Testing: The names of prisoners to be tested on a random basis, a selection process that ensures each person has a chance of being selected for testing and the person has no prior knowledge of when a drug or alcohol test will be administered, shall be chosen from the housing list for the entire facility or the population census of the entire facility and shall be varied for each testing period by choosing every other prisoner's name, every third name, every fourth

name, and so forth. A computer program that chooses names randomly from the housing list or population census may also be used.

Policy 20.1 "Prisoner Discipline," subsection B(12)(c)(12):

The finding of guilt or innocence must rest solely upon evidence produced at the hearing, including, but not limited to, the incident report, the investigation report, other exhibits, and the testimony of witnesses.

It is unclear from the petition as well as the brief of the petitioner the precise errors as they relate to the policies of the institution. However, it is clear from petitioner's administrative appeal that he believes procedural errors were made which would require this court to vitiate the discipline.

Petitioner first complains that no chain of custody form was attached to and made part of the disciplinary report until after the beginning of the disciplinary hearing in violation of 20.1(B)(2). Petitioner asserts that the investigating officer did not have a complete disciplinary report to review nor did the investigating officer contact the Prison medical facilities to determine whether the properly prescribed medication could have produced the test result as indicated. Petitioner asserts that he was tested on January 3 and also tested on January 17 asking the court to reasonably infer from that circumstance that this could not be random testing in accordance with the policy. He argues by the nature of the preparation of the lists for random selection, a name cannot appear twice in the same month. Finally, petitioner argues that the hearing officer did not have a complete disciplinary or investigative report at the time of the hearing as some documentation was missing. He therefore continued the hearing and conducted his own investigation. Petitioner complains that this made the examiner an investigator and not an independent hearing officer.

In his brief, petitioner argues that there was no evidence that the chain of custody of the urine sample was properly preserved as there was no photocopy or

photograph of the initial positive urine test results with the documentation. He further notes that the numbering of the sample from the State of Maine laboratory is inconsistent with that of other documents.

Petitioner, in his administrative appeal, challenges the conclusion of trafficking under the policy by the mere presence of the codeine in his urine and cites an Indiana and a Minnesota case for the proposition that the mere presence of the controlled substance in the defendant's urine does not constitute possession. Finally, petitioner argues he was denied his right of due process, a liberty interest and equal treatment during the disciplinary proceeding.

With regard to the issue of presence of the scheduled substance in the urine as the basis for finding of a violation of a disciplinary rule, this argument was not raised during the administrative process and the court may not consider it at this level.[1]

The certified record of proceedings under review in this case shows that the photocopy of the positive test result obtained by the Prison staff was attached to the disciplinary report at the time of its submission but was subsequently lost. It is respondent's position that the loss of the photocopy of the test card is insignificant in the face of all other documentation of the positive drug test results. This includes the completion of a urine sample log in the drug-testing logbook and on the urinalysis test form. Further, there is a sworn certificate of drug analysis by a certified analyst at the

---

[1] The cases cited are criminal prosecutions in which the issues of knowing or intentional possession or possession with intent to traffic are at issue and must be proven beyond a reasonable doubt. The language of the criminal statutes is different and the level of burden of proof is substantially less in implementation of the Department of Corrections' regulations. Among other things, the regulations do not require any element of knowledge or intent and do preclude mere use. Secondly, the standard of proof is "more probable than not" as found in Policy 20.1(B)(12)(c).

> 12. A finding of guilt must be based on the determination that is more probable than not that the prisoner committed the violation.

Maine Department of Human Services Health and Environmental Testing Laboratory but the independent tests confirm the positive test obtained at the Prison.

The record also shows that while the chain of custody form was not initially attached to the disciplinary report because this form was sent along with the prisoner's urine sample to the State of Maine laboratory, the lab did not return it with a report of the test results. However, when this fact was brought to the attention of the disciplinary hearing officer, he continued the hearing in order to obtain the chain of custody form, it was obtained and was presented when the hearing was resumed. As indicated from this documentation, the chain of custody was not broken.

While the number given the sample by the Maine State laboratory was different from the number given to it by the Prison, the sample tested by the lab was the petitioner's sample as the number given by the lab on receipt of his urine sample from the Prison and noted on the Prison's chain of custody form is the same as the one on the lab's sworn certificate of drug analysis. In addition, the petitioner's name is noted on the certificate. A complete examination of all the documents clearly indicates a different numbering system used by the laboratory but, in light of all the other documentation, is not evidence of a question of validity of the conclusion.

Policy 20.1(B)(5) does provide that if a required procedure is not followed by staff, the report may be dismissed but not if "the discrepancy from the required procedure is minor and technical in nature only." The matters complained of in the present situation are clearly minor and technical.

The responsibility of this court is to review the agency action without substituting its judgment for that of the Department of Corrections on questions of fact. The authority by statute to reverse or modify the decision must be based upon this court finding that the Department violated constitutional or statutory provisions, that

the Department acted in excess of its statutory authority, that the Department engaged in unlawful procedure, that the Department was affected by bias or error of law, that the action by the Department of Corrections was unsupported by substantial evidence on the whole record or that the agency action was arbitrary or capricious or characterized by abuse of discretion. 5 M.R.S.A. § 11007(4)(C). Upon examination of the entire record and after consideration of the briefs of both parties, the court is satisfied that none of the impediments provided by statute exist in the present proceeding.

The entry will be:

Decision of the Chief Administrative Officer of the Maine State Prison on its appeal of Robert McNeil, MDOC#3933, Disciplinary Case No. MSPC04-127 dated May 7, 2004, is AFFIRMED.

Dated: April___28___, 2005

Donald H. Marden
Justice, Superior Court

Date Filed __5/27/04__ __Kennebec__ Docket No. __AP04-30__
County

Action __Petition for Review__
80C

## J. MARDEN

__Robert McNeil__ VS. __Jeffrey Merrill, et al__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Robert McNeil, Pro Se<br>Maine State Prison<br>807 Cushing Road<br>Warren, Maine 04854-4600 | DIANE SLEEK AAG |

| Date of Entry | |
|---|---|
| 5/27/04 | Petition for Judicial Review of Final Agency Action, filed. s/McNeil, Pro Se |
| 7/7/04 | Certificate of Jeffrey Merrill with complete copy of record, filed. s/J. Merrill. (filed 7/1/04) |
| 7/8/04 | Notice of briefing schedule sent to Pltf. and atty of record. |
| 7/12/04 | Request for Default, filed. s/McNeil, Pro Se<br>Request for Sanctions, filed. s/McNeil, Pro Se |
| 7/16/04 | Affidavit of Robert McNeil, filed. s/R. McNeil, Pro se Petitioner. |
| 7/28/04 | Opposition to Requests for Default and Sanctions, filed. s/Sleek, AAG |
| 8/23/04 | Brief of Petitioner, filed. s/McNeil. |
| 9/20/04 | Respondent's Brief, filed. s/Sleek, AAG |
| 10/4/04 | Petitioner's Answer to Respondent's Brief, filed. s/McNeil, Pro Se |
| | Notice of setting for __11/3/04__<br>sent to attorneys of record. |
| 10/29/04 | WRIT OF HABEAS CORPUS ISSUED (dated 10/27/04). s/Marden, J.<br>Attested copies given in hand to R. Evans, KSO. |
| 11/3/04 | Hearing had with the Hon. Justice Donald Marden, presiding. Tammy Drouin, CR<br>Robert McNeil, Pro Se plaintiff and Diane Sleek, AAG for the State<br>Oral arguments made to the court. Court to take matter under advisement.<br>Court signs remand Order. 2 Copies made |
| 12/15/04 | Letter from Robert McNeil inquiring about status of case. Copy of docket sheet mailed to Pltf. |
| 4/29/05 | DECISION AND ORDER, Marden, J. (Dated 4/28/05)<br>Decision of the Chief Administrative Officer of the Maine State Prison on its appeal of Robert McNeil, MDOC#3933, Disciplinary Case No. MSPC04-127 dated May 7, 2004, is AFFIRMED. |